IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
ROCKINGHAM DIVISION

| | |
|---|---|
| SHELLY HARRIS,<br><br>             Plaintiff,<br>   v.<br><br>ELI LILLY AND COMPANY, an<br>Indiana corporation,<br><br>             Defendant. | Case No. 1:14-CV-00682 |

**JOINT MOTION TO AMEND SCHEDULING ORDER**

Plaintiff Shelly Harris and Defendant Eli Lilly and Company ("Lilly," and collectively with Plaintiff, the "Parties") jointly move the Court to amend the Scheduling Order in this case to permit the Parties to complete limited remaining fact discovery related to sales representatives employed by Lilly and to Plaintiff's treating physicians.

**I.    Background and Procedural History**

Pursuant to the Court's February 20, 2015 and February 23, 2015 docket entries adopting the Scheduling Order proposed by the Parties in their February 19, 2015 Joint Rule 26(f) Report (Dkt. 12), fact discovery in this case is to be completed by February 26, 2016. The Parties, conscious of this deadline, have been engaged since October 2015 in extensive negotiation regarding Plaintiff's discovery requests as to the files and depositions of certain Lilly sales representatives. The Lilly sales representatives from whom Plaintiff currently seeks discovery are identified in the following table:

1

| Lilly Sales Representative | Doctors Visited |
|---|---|
| Kevin De Bruhl | David C. Ruck; Misty Sinclair |
| Susan Fee | Michael Antil, Bobby Maynor, Jr., Philip Mondi, Walter S. Morris, Misty Sinclair, Michol Stanzione |
| Stephen Radford | Michael Antil, Bobby Maynor, Jr., Philip Mondi, Walter S. Morris, Michol Stanzione |
| Stephen Russell | David C. Ruck; Misty Sinclair |
| Susan Schuler | David C. Ruck; Misty Sinclair |
| Nicole Slagle | Bobby Maynor, Jr., Philip Mondi, Walter S. Morris |

After extensive negotiations between the Parties, Lilly has agreed to provide to Plaintiff emails and attachments from the files of Susan Fee, Nicole Slagle, and Stephen Radford that either (1) relate to Cymbalta discontinuation or withdrawal or (2) reflect communications with Plaintiffs' health care providers, located in part through the use of agreed-upon search terms. At the time the Parties agreed on the protocol for production of those sales representatives' files, the Parties agreed to certain date ranges for which those sales representatives' files would be searched. On February 23, 2016, after reviewing sales representative files recently produced by Lilly in an another Cymbalta withdrawal lawsuit, Plaintiff's counsel wrote to Lilly that counsel had reviewed the sales representative files and could no longer agree to the date range limitations. Lilly's counsel has not yet had a chance to review and respond to Plaintiff's counsel's position on the issue. The Parties are working to attempt to resolve this disagreement, and if they are able to reach agreement, they will work to promptly identify dates for the depositions of these three representatives.

The Parties continue to dispute whether Lilly is obliged to provide documents from sales representatives Kevin De Bruhl, Stephen Russell, and Susan Schuler, and whether Lilly is obliged to make those representatives available for deposition, and have reached an impasse on this issue. The Parties have agreed that the depositions of any sales representatives -- including both the three sales representatives who Lilly has agreed to make available for depositions and, if

ordered, the three sales representatives whose depositions are in dispute -- shall occur prior to the depositions of Plaintiff's treating physicians, Drs. Michael Antil and Philip Mondi. Counsel for Lilly has been in contact with the offices of Drs. Antil and Mondi, and both are willing to sit for a deposition at a mutually-acceptable date and time.

The Parties have also been engaged since August 2015 in extensive discussions regarding the depositions of Plaintiff's physicians. Lilly initially noticed the deposition of 14 doctors in this case. Plaintiff objected to Lilly noticing more than 10 depositions without a stipulation from Plaintiff or leave from the Court and the Parties had several discussions to resolve the issue without the need for the Court's intervention. Following the Parties' discussions, Lilly agreed to withdraw five of its deposition notices. Lilly withdraw another deposition notice on January 13, 2016 to notice the deposition of Plaintiff's fiancé. On February 3, 2016, Lilly withdraw all of its deposition notices for Plaintiff's doctors except Drs. Antil and Mondi. Lilly contacted the offices of Drs. Antil and Mondi shortly thereafter about possible deposition dates and was informed that both doctors had very limited availability prior to the close of fact discovery.

**II.    Argument**

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." The party seeking relief "must set forth good cause justifying the additional time," and an extension "will be granted or approved only upon a showing that the parties have diligently pursued discovery." M.D.N.C. L.R. 26.1(d).

Plaintiff and Lilly have worked diligently throughout the discovery period prescribed in the Court's Scheduling Order to complete the discovery each believes is necessary to litigate their dispute fully. Significant discovery has accordingly taken place. Plaintiff has served 106 requests for production on Lilly and Lilly has served 16 requests for production on Plaintiff;

numerous documents have been produced in response on both sides, and the Parties have collected and exchanged relevant medical records from third-party healthcare providers involved in Plaintiff's care. Plaintiff herself was timely deposed in October 2015, and Plaintiff's fiancé was deposed on February 24, 2016. Additionally, Lilly served deposition notices for and planned to depose Plaintiff's physicians, Drs. Antil and Mondi, but despite their best efforts, the Parties were unable to complete those depositions within the fact discovery deadline because of the limited availability of Drs. Antil and Mondi and the Parties' ongoing negotiations relating to the sales representative discovery.

Furthermore, as discussed above, both parties have engaged in good faith negotiations to prevent discovery disputes from requiring the Court's intervention. These negotiations, although lengthy, have resulted in the Parties resolving a dispute concerning the number of doctor depositions noticed by Lilly and achieving a mutually agreed-upon electronic discovery protocol for the emails of Lilly sales representatives that has undergone several rounds of testing and validation. The Parties have also significantly narrowed the group of Lilly witnesses in dispute. Although Lilly does not agree that sales representative depositions must be completed in advance of the depositions of healthcare professionals who treated Plaintiff, Lilly has agreed in this case to accommodate Plaintiff's desire to depose Lilly sales representatives before Plaintiff's doctors in the scheduling of the remaining depositions.

As a result of the good-faith and diligent negotiations outlined above, the Parties are unable to complete fact discovery by the February 26, 2016 deadline set forth in the scheduling order. In particular, the Parties have only recently agreed on the search and production of documents from sales representatives Fee, Radford, and Slagle, and the search and review of their documents will take more than the time remaining in the discovery period. Finally, the

Parties continue to disagree on whether Lilly is required to produce the files of three additional representatives, and Plaintiff intends to seek the guidance of the Court on that issue.

The Parties believe that the completion of these activities — the production of documents and depositions of the three agreed-upon sales representatives; the depositions of Plaintiff's physicians, Drs. Antil and Mondi; and possible motions practice relating to the production of additional sales representative files — requires that the fact discovery deadline be extended for these items only, with the following deadlines:

1. Lilly will produce emails and attachments from the files of sales representatives Susan Fee, Stephen Radford, and Nicole Slagle that either (1) relate to Cymbalta discontinuation or withdrawal or (2) reflect communications with Plaintiffs' health care providers, located in part through the use of agreed-upon search terms, provided that the parties are able to mutually resolve any dispute as to the date ranges for which those custodians' emails will be searched.

2. Lilly will make its sales representatives Susan Fee, Stephen Radford, and Nicole Slagle available for deposition before April 29, 2016, provided that the parties have resolved any dispute as to the date ranges for which those custodians' emails will be searched has been resolved by that point.

3. The parties will schedule the depositions of Drs. Antil and Mondi as soon as possible after the deposition(s) of the corresponding Lilly sales representative(s) has occurred, with the goal of completing such depositions by May 6, 2016.

4. If Plaintiff intends to move to compel the production of documents from sales representatives Kevin De Bruhl, Stephen Russell, or Susan Schuler, or if Plaintiff intends to move to compel the production of documents from sales representatives Susan Fee, Stephen Radford, or Nicole Slagle regarding the date ranges for which those custodians' emails should be searched, they will file that motion with the Court by March 11, 2016. Lilly will file its opposition to any such motion in accordance with the Local Civil Rules of this Court.

Additionally, given Plaintiff's anticipated motion to compel and the time that such a motion will take to resolve, the Parties believe that the deadlines for expert discovery should be extended to allow the Parties to incorporate any additional discovery resulting from that motion into their expert disclosures. The Parties accordingly propose the following amended expert deadlines:

1. Plaintiff's expert witness disclosures will be made on or before May 13, 2016.

2. Defendant's expert witness disclosures will be made on or before June 10, 2016.

3. Expert discovery will close on July 18, 2016.

These deadlines are incorporated into the Parties' proposed amended scheduling order. The Parties note that these dates, as proposed, do not adjust the currently-scheduled July 18, 2016 cut-off for all discovery. Therefore, this limited extension of the existing schedule should not impact the trial date or the ultimate resolution of this matter.

### III.  Conclusion

For the foregoing reasons, the Parties respectfully request that the Court enter the Parties' proposed amended scheduling order, incorporating the above-listed extensions to the fact and expert witness deadlines.

Dated: February 26, 2016							Respectfully Submitted,

By: */s/ Khesraw Karmand*						By: */s/ Phyllis A. Jones*

Khesraw Karmand
California Bar No.: 280272
Keller Rohrback L.L.P.
1129 State Street, Suite 8
Santa Barbara, California 93101
Tel: (805) 456-1496
Fax: (805) 456-1497
Email: kkarmand@kellerrohrback.com

Meredith L. Gray
Washington State Bar No.: 47572
Michael D. Woerner
Washington State Bar No.: 15452
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
Fax: (206) 623-3384
E-mail: mgray@kellerrohrback.com
E-Mail: mwoerner@kellerrohrback.com

Whitney J. Butcher
North Carolina Bar No.: 44272
Whitley Law Firm
2424 Glenwood Avenue, Suite 201
Raleigh, North Carolina 27608
Ph: (919) 645-5215
Fax: (919) 785-3729
Email: wjb@whitleylawfirm.com

*Attorneys for Plaintiff Shelly Harris*

Paul Osowski
N.C. Bar No. 23423
Nelson Mullins Riley & Scarborough LLP
Bank of America Corporate Center
100 North Tryon Street, Suite 4200
Charlotte, NC 28202
Tel. 704.417.3000
Fax 704.377.3814
paul.osowski@nelsonmullins.com

Michael X. Imbroscio (*pro hac vice*)
DC and D.D.C. Bar No. 445474
Phyllis A. Jones (*pro hac vice*)
DC and D.D.C. Bar No. 983154
Covington & Burling LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: 202.662.5868
Fax: 202.778.5868
mimbroscio@cov.com
pajones@cov.com

*Attorneys for Defendant Eli Lilly and Company*

## CERTIFICATE OF SERVICE

      I certify that on February 26, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

                                             /s/ Phyllis A. Jones